UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENCARNACION SALAS, IV,

                Petitioner,

v.

ROBERT FERGUSON,

                Respondent.

Case No. C23-5509-TL-MLP

REPORT AND RECOMMENDATION

### I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Encarnacion Salas is currently confined at the Washington State Penitentiary in Walla Walla, Washington. (*See* dkt. # 4 at 1.) He seeks to challenge in this action a 2022 judgment and sentence of the Grays Harbor County Superior Court. (*See id*.) The petition has not been served on Respondent. Following a careful review of the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed without prejudice for failure to exhaust state court remedies.

//

//

REPORT AND RECOMMENDATION - 1

## II. DISCUSSION

Petitioner identifies a single ground for federal habeas relief in his petition, though the precise nature of his intended claim is unclear. (*See* dkt. # 4 at 5.) Petitioner asserts that his due process rights were violated, but he alleges no facts in support of his claim, he cites only to "CrR 4.1(A)(2)."[1] (*Id*.) Regardless of the precise nature of the claim Petitioner intends to assert in this action, Petitioner makes clear in his petition that he has not presented his federal habeas claim to the state courts for review, either on direct appeal or post-conviction review. (*See id*. at 2, 6-7, 12.) By way of explanation for his failure to pursue remedies in the state courts, Petitioner states only that he "signed a guilty plea." (*See id*. at 5-6, 12.)

A state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). As it is clear from the face of the petition that Petitioner has not properly exhausted his claim for relief in the state courts, his Petition is not eligible for federal habeas review and this action should therefore be dismissed.

---

[1] It appears likely that this is a reference to Washington Superior Court Criminal Rule ("CrR") 4.1(a)(2). However, this rule pertains to the timing of arraignment in Washington Superior Court criminal cases where the defendant is not detained. *See* CrR 4.1(a)(2). It is not clear how this rule might relate to Petitioner's intended claim or how any violation of this rule might give rise to a due process claim.

REPORT AND RECOMMENDATION - 2

### III. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

### IV. CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's federal habeas petition, and this action, be dismissed without prejudice for failure to exhaust state court remedies. The Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 28, 2023**.

REPORT AND RECOMMENDATION - 3

DATED this 30th day of June, 2023.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4