UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ENCARNACION SALAS, IV,<br><br>    Petitioner(s),<br> v.<br><br>ROBERT FERGUSON,<br><br>    Respondent(s). | CASE NO. 3:23-cv-05509-TL-MLP<br><br>ORDER ADOPTING R&R |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Michelle L. Peterson (Dkt. No. 5) and Petitioner's objections to the Report and Recommendation (Dkt. Nos. 6 and 7). Having reviewed the Report and Recommendation, Petitioner's objections, and the remaining record, the Court ADOPTS the Report and Recommendation and OVERRULES the objections.

  A district court has jurisdiction to review a magistrate judge's report and recommendation on "applications for posttrial relief made by individuals convicted of criminal offenses." 28 U.S.C. § 636(b)(1)(B); *see also* Rule 8(b) of the Rules Governing § 2254 Cases

ORDER ADOPTING R&R - 1

("A judge may . . . refer the petition to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition."); Rule 10 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."). "Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *accord* Rule 8(b). The Magistrate Judge ordered objections to be filed within twenty-one days of the Report and Recommendation being signed. Dkt. No. 5 at 3. The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Petitioner filed timely objections. Dkt. Nos. 6 and 7.

The Magistrate Judge recommended Petitioner's petition be dismissed without prejudice for failure to exhaust state court remedies. Petitioner's objections assert that he believes his due process rights were violated due to misconduct by the prosecution. Dkt. No. 6 at 3. In particular, he challenges his "having to plea at arraignment without indictment or information being sent to the Superior Court primarily at the beginning." Dkt. No. 7 at 1. However, Petitioner also admits that he seeks federal habeas relief because he is unable to file a petition through the Court of Appeals "due to being time barred." *Id.*

RCW 10.73.090(1) requires that a petition for collateral attack on a judgment and sentence in a criminal case be filed within one year after the judgment becomes final. Petitioner was sentenced on March 29, 2022 (Dkt. No.1 at 3); therefore, any petition or motion challenging his conviction was due by March 29, 2023. None was filed in state court. *See* Dkt. No. 1 at 3-4. And Petitioner admits that he would now be time-barred from doing so. Dkt. No. 7 at 1. This Court therefore concludes that Petitioner has procedurally defaulted on his federal habeas claim.

When a state prisoner defaults on his federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 760 (1991).

To satisfy the "cause" prong of the cause and prejudice standard, a petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. *Id.* at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause or prejudice—to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Murray*, 477 U.S. at 495–96.

Petitioner makes no effort to show cause or prejudice for his default, nor does he make any showing that failure to consider his defaulted claim will result in a fundamental miscarriage of justice. Petitioner therefore fails to demonstrate that his unexhausted claim is eligible for federal habeas review.

For the foregoing reasons, the Court hereby ORDERS:

(1) The Court ADOPTS the Report and Recommendation and OVERRULES Petitioner's objections.

(2) Petitioner's petition for writ of habeas corpus (Dkt. No. 4), and this action, are DISMISSED without prejudice for failure to exhaust state court remedies.

(3) In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED.

(4) The Clerk is DIRECTED to send copies of this Order to Petitioner and to the Honorable Michelle L. Peterson.

Dated this 15th day of August 2023.

Tana Lin
United States District Judge